No. 434

First Circuit

JEANE v. TROTTI

(May 7, 1929.   Opinion and Decree.)
(June 10, 1929.   Rehearing Refused.)

S. I. Foster, of Leesville, attorney for plaintiff, appellee.

Fern M. Wood, of Leesville, attorney for defendant, appellant.

LECHE, J. Plaintiff owns a forty acre tract of land on which there was some hardwood timber, and defendant is engaged in cutting and selling crossties. The parties agreed that defendant should cut crossties, described in the testimony as switch ties, and pay plaintiff as purchase price, at the rate of five cents for every eight lineal feet of all the ties that might be cut and taken away. This much of the contract is admitted by both parties. The controversy that has arisen between them, is as to the location of the trees from which the ties were to be cut.

Plaintiff claims that he limited the sale to defendant only of such trees as were standing between a ditch and a fence, that he wished to clear this part of his land in order to convert the same into a field in which he intended to grow and cultivate crops. Defendant, on the other hand, contends that the contract included all the trees standing on the entire tract of forty acres.

Plaintiff in his petition, charges defendant with trespass for cutting beyond the agreed limit, sues for the value of all trees cut and removed, seems to abandon any claim for the agreed price of five cents per eight lineal feet and estimates his damage at two hundred and fifty dollars. The district court found with plaintiff but fixed the damage only at one hundred and twenty-five dollars and rendered judgment accordingly. Defendant has appealed, and plaintiff in answer to the appeal, asks for an increase of judgment to the amount originally prayed for.

It appears from this statement of the case, that it involves solely a question of fact, and it further appears to us from all the testimony in the record, that the judgment of our learned brother of the district court is in accordance with the preponderance of the evidence.

The testimony impresses us as confirming plaintiff's version of the contract, that plaintiff was urged in selling the timber solely by a desire to clear that part of his land which he intended to put in cultivation, extending from a ditch to his side fence, that he did not sell with a view of converting the value of these trees into money and that he did not agree to sell all the trees situated on the other portions of his land. It appears further that defendant did cut trees outside of the limits fixed by plaintiff, that the measurements adopted by the estimator in order to fix the quantity of lumber taken by defendant were based upon the sizes of the stumps and the distance of the tops from the stumps, in accordance with the custom in making such estimates. It appears further that the price fixed for the value of such timber, conceded to be gum, is fairly supported by the evidence, that is, at the rate of five dollars per thousand feet for twenty-five thousand feet, at the stump.

The judgment appealed from is therefore affirmed.